

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

February 1, 1967

Honorable Norman C. Davis
County Attorney
Presidio County
Marfa, Texas

Opinion No. M-17

Re: Whether the Presidio County
Hospital District has the
authority to levy a tax for
the purpose of initiating
the operation of the Hospital
District even though the entire
year in which the district was
created has expired.

Dear Mr. Davis:

You asked whether the Presidio County Hospital District
has the authority to levy a tax for the purpose of initiating
the operation of the Hospital District even though the entire
year in which the district was created has expired.

Other information derived from your correspondence and
from the Session Laws reveals that the enabling act of the
district was effective August 30, 1965, and that an election
to create the district was conducted on December 4, 1965.

In arriving at an answer to the question you pose, it
is necessary to consider the provisions of the enabling Act
authorizing the creation of the district, in regard to levy-
ing of taxes, assessment, and collection.

The applicable section of the Act reads as follows:

"Taxes: Levy, assessment and collection

"Sec. 9. (a) After a majority of those persons
voting at the election vote for the levy of a tax,
the Board of Directors shall levy a tax not to ex-
ceed seventy-five cents (75¢) on the One Hundred
Dollar valuation on all property subject to taxation
within the District.

"(b) The Board shall use the same valuation used

by the commissioners court in taxing the property for county purposes which appears on the county tax rolls.

"(c) The Board may use the proceeds of this tax for the following purposes only:

"(1) paying the interest on and creating a sinking fund for bonds issued under the provisions of this Act;

"(2) providing for the operation and maintenance of the hospital district and the hospital system;

"(3) making improvements and additions to the hospital system;

"(4) acquiring sites for additions to the hospital system.

"(d) On or before October 1 of each year, the Board shall levy the tax and immediately certify the tax rate to the tax assessor and collector of the county in which the District is located. The tax assessor and collector of that county shall collect the taxes for the District. The taxes of the District are subject to the same conditions as the taxes of the County.

"(e) The assessor and collector of taxes is entitled to a fee as compensation for his services of not more than one per cent of the total tax collected, but not to exceed $5,000 in any one fiscal year. The Board shall fix the exact amount of compensation. The tax assessor and collector shall deduct this fee from the payments made to the District of the taxes collected, and deposit that amount in the general fund of the county as a fee of office of the tax assessor and collector.

"(f) The Board may levy this tax for the entire year in which the District is established to secure

funds necessary to initiate the operation of the hospital district." Acts 1965, 59th Leg., p. 1455, ch. 643.

Subsection (f) of the statute might seem to pose a problem in this particular situation, in that the entire year in which the district was established has expired. However, due to the broader powers provided in the prior subsections of the statute, it would not seem that this subsection can be read to place limitations upon the broader powers so as to frustrate completely the intent of the statute. It is our interpretation that subsection (f) was included only to enable districts such as this, which were created in the middle or near the end of the year, to tax for the whole year in which they were established.

Subsection (f), in permitting the levy of the tax for the entire year in which the district is established, neither increases nor decreases the purposes for which the tax may be used, since initiation of the operation of the district is clearly a part of the "operation ... of the hospital district and the hospital system", an authorized purpose as set out in subsection (c) (2).

The Board has the authority to levy the tax for 1967 on or before October 1, 1967, and the fact that part or all of the proceeds may be used to initiate the operation of the hospital district is immaterial.

The requirement of subsection (d) that the tax be levied on or before October 1 of each year does, however, operate to prohibit retrospective levy of the tax for the years 1965 and 1966.

Therefore, in answer to your question, it is the opinion of this office that the Presidio County Hospital District has the authority to levy a tax for the purpose of initiating the operation of the Hospital District even though the entire year in which the District was established has expired. The tax, however, must be levied on or before October 1 of the year for which it is levied and may not be levied for any prior year.

## S U M M A R Y

The Presidio County Hospital District has the authority to levy a tax for the purpose of initiating the operation of the Hospital District even though the entire year in which the district was established has expired, but the tax must be levied on or before October 1 of the year for which it is levied and may not be levied for any prior year.

Very truly yours,

Crawford C. Martin
Attorney General of Texas

Prepared By John F. Pettit
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
Gordan Cass
Kerns Taylor
Arthur Sandlin
Malcolm Quick

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.